

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-20-2005

# Magdalena v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1921

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Magdalena v. Atty Gen USA" (2005). *2005 Decisions.* Paper 812.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/812

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————

No. 04-1921

————

ELISA MAGDALENA; DAVID HORIJADI

Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA

Respondent

————

Petition for Review of an Order
of the Board of Immigration Appeals
(Nos. A79-321-432; A79-321-433)

————

Submitted Under Third Circuit LAR 34.1(a)
Date: July 14, 2005

Before: ALITO, VAN ANTWERPEN and ALDISERT, Circuit Judges

(Filed:  July 20, 2005)

————

OPINION OF THE COURT

————

ALDISERT, Circuit Judge.

Petitioners Elisa Magdalena and David Horijadi, ethnically Chinese citizens of Indonesia, seek review of a final order of removal issued by the Board of Immigration Appeals ("BIA") on March 24, 2004. The order reversed the Immigration Judge's ("IJ's") order granting asylum for Magdalena and derivative asylum for Horijadi and withholding of removal to both petitioners. We have jurisdiction to review the BIA's order pursuant to 8 U.S.C. § 1252.[1] We will deny the petition.

## I.

Because we write only for the parties, who are familiar with the facts, procedural history and contentions presented, we will not recite them except as necessary to the discussion.

## II.

An applicant is eligible for withholding of removal if "the alien's life or freedom would be threatened in [their] country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A) (2000). If the applicant is determined to have been persecuted in the past on account of one of these grounds, we presume that his or her life or freedom would be threatened in the future upon returning to the country of removal. 8 C.F.R. § 1208.16(b)(1)(2004).

---

[1]The Immigration and Nationality Act ("INA") was amended by the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231. Because these amendments do not affect the INA provisions applicable in this case, we will not discuss the REAL ID Act further.

This presumption may be rebutted if the Department of Homeland Security (the "DHS")[2] shows by a preponderance of the evidence that there has been a fundamental change in circumstances such that the applicant's life or freedom would no longer be threatened. 8 C.F.R. § 1208.16(b)(1)(A).

We review the BIA's findings of fact under the deferential substantial evidence standard. Abdille v. Ashcroft, 242 F.3d 477, 483 (3d Cir. 2001). Under the substantial evidence standard, we must uphold the BIA's findings unless the evidence not only supports a contrary conclusion, but compels it. Id. at 483-484.

Here, the BIA denied the petitioners' applications for withholding of removal because the circumstances in Indonesia have changed and the petitioners' lives and freedom would not likely be threatened because of their Chinese ethnicity. The BIA referred to the 2000 Country Report which states that the new Indonesian government promotes racial and ethnic tolerance and that racially motivated attacks against ethnic Chinese citizens have dropped since May 1998. The BIA based its decision on the most recent country reports. See Zubeda v. Ashcroft, 333 F.3d 463, 477-478 (3d Cir. 2003) (stating that country reports are "the most appropriate and perhaps the best resource" for "information on political situations in foreign nations"). The petitioners contend that the 2000 country report is not "different enough" from the 1998 report to constitute "changed circumstances." The 2000 report, however, explicitly states that "[r]acially

---

[2]The DHS was formerly the Immigration and Naturalization Service ("INS").

motivated attacks against [ethnically Chinese] have dropped sharply since mid-1998."

Department of State, Bureau of Democracy, Human Rights, and Labor, February 2001,

2000 Country Reports on Human Rights Practices: Indonesia at 30. Accordingly, there is

substantial evidence to support the BIA's conclusions.

The BIA also denied the petitioners' applications for asylum. To establish

eligibility for asylum, an applicant must file his or her application within one year of

arrival in the United States. 8 C.F.R. § 1208.4(a)(2)(ii). An application may be

considered, however, if the delay was caused by extraordinary circumstances. 8 U.S.C. §

1158(a)(2)(D). The IJ concluded that the petitioners were justified in filing a late

application because the isolation caused by language and cultural barriers qualified as

"extraordinary circumstances." Petitioners were also the victims of fraud because they

paid someone to file their application and he delayed the process for months. The BIA

reversed the IJ's decision, concluding that the petitioners' language and cultural barriers

were not exceptional and that even if they were the victims of fraud, they met with the

application preparer more than a year after their arrival in the United States. Accordingly,

the BIA denied the application for asylum.

This Court has held that we lack the jurisdiction to review whether extraordinary

circumstances warrant waiving the one year time limitation for asylum applications.

See Tarrawally v. Ashcroft, 338 F.3d 180, 185 (3d Cir. 2003) ("8 U.S.C. § 1158(a)(3),

provides that 'no court shall have jurisdiction to review any determination by the

Attorney General under paragraph [(a)](2),' which includes the provision relating to whether extraordinary circumstances warrant waiving the one year time limitation for asylum applications."). Accordingly, we lack jurisdiction to review the asylum issue.

\* \* \* \* \*

We have considered all arguments raised by the parties and conclude that no further discussion is necessary. We hold that substantial evidence supported the BIA's order.

The petition for review will be denied.

_____