

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-22-2007

# Magdalena v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1768

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Magdalena v. Atty Gen USA" (2007). *2007 Decisions.* Paper 557.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/557

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 06-1768

————————

ELISA MAGDALENA and DAVID HORIJADI,
Petitioners
vs.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

————————

ON PETITION OF REVIEW OF AN ORDER OF AN ORDER
DATED FEBRUARY6,, 2006 OF THE BOARD OF
IMMIGRATION APPEALS
(BIA No. A-79-321-432 & A-79-321-433)

————————

Submitted Under Third Circuit L.A.R. 34.1(a)
July 10, 2007
Before:  SLOVITER, WEIS and ROTH, Circuit Judges.
(Filed:  August 22, 2007)

————————

OPINION

————————

WEIS, Circuit Judge.

    Petitioners here seek review of the Board of Immigration Appeals' ("BIA")

denial of their motion to reopen an earlier BIA decision that we previously upheld on

appeal.

1

Petitioners are ethnic Chinese Christian citizens of Indonesia who overstayed their authorization to remain in the United States. They filed an untimely application for asylum and sought withholding of removal as well as relief under the Convention Against Torture. They alleged that they were persecuted in Indonesia on account of their religion and their race when they suffered numerous indignities and were the victims of acts of violence. They also alleged that they have a well-founded fear of future persecution should they be forced to return to Indonesia.

An Immigration Judge granted petitioners asylum and withholding of removal. The BIA reversed the IJ on March 24, 2004, holding that petitioners had not shown that the untimeliness of their asylum application was due to extraordinary circumstances. Moreover, the BIA concluded that changed circumstances in Indonesia made it unlikely that the petitioners' lives and freedom would be threatened if they returned there.

On a petition for review of the BIA decision filed in this Court, we concluded that we lacked jurisdiction to review the BIA's finding as to the untimeliness of the asylum request. Magdalena v. Attorney General, 139 Fed. Appx. 467, 469 (July 2005). We also held that substantial evidence supported the BIA's determination of changed country conditions. Id.

In September of 2005, petitioners filed an untimely motion to reopen with the BIA, challenging both of the BIA's original conclusions. They also filed a petition in

this Court seeking panel rehearing.

Before the BIA, petitioners argued that the untimeliness of the motion to reopen should be excused because previous counsel failed to file a timely motion to reopen or to advise petitioners of their right to do so and filed an inadequate brief before this Court. They also asserted that, even if the BIA's 2004 determination of changed country conditions was correct, conditions in Indonesia had once again changed for the worse since the BIA's original decision.

The BIA denied the motion to reopen on February 6, 2006. It concluded that the alleged defects in representation before the BIA were not the responsibility of the previous counsel, whose contract with petitioners only mentioned representation before this Court. The BIA also noted that the contention that the previous counsel had provided inadequate assistance before this Court had no relation to the representation before the BIA and thus no relation to any basis for reopening the case before the BIA. Finally, the BIA found that petitioners had not demonstrated changed circumstances in Indonesia.

Petitioners then filed this petition for review of the BIA's denial of reopening.

We observe preliminarily that motions for reopening are generally disfavored and the BIA has broad discretion to grant or deny such motions. I.N.S. v. Doherty, 502 U.S. 314, 323 (1992). We review the denial of the motion to reopen only for abuse of discretion. Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004).

Although this proceeding addresses the BIA's February 2006 denial of the

3

motion to reopen, petitioners contend that we should also review the BIA's order of March of 2004. They argue that our 2005 denial of review of the BIA's 2004 order was compromised by an inadequate brief submitted by prior counsel. In effect, petitioners are asking for a rehearing of their original petition for review.

Petitioners, however, filed a petition for panel rehearing of this Court's 2005 decision on September 6, 2005. In that petition, the petitioners' present counsel made the same arguments he makes in this appeal. This Court denied that petition on March 5, 2006.

The decision by this Court in 2005, and the subsequent denial of the petition for rehearing, preclude another review of the BIA's 2004 order. The issue before us is whether the BIA abused its discretion in denying the petitioners' motion to reopen.

Petitioners have not cited any authority that would entitle them to another review of the merits of our prior decision on the basis of ineffectiveness of counsel. This is a civil case in which petitioners do not possess the same rights to effective assistance of counsel that attach in criminal proceedings. Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001).

Although not necessary to dispose of this case, in an excess of caution we reviewed the briefs filed by previous counsel in the 2005 appeal in Case No. 04-1921. We find that those briefs adequately set out the basis for the petitioners' contentions that they should not be deported. We note that present counsel faults the BIA for relying in its

4

2004 opinion on a country report from the year 2000, allegedly without giving petitioners the opportunity to rebut. But, country reports for the years 2000 and 2001 were introduced in the hearing before the IJ and were properly in the record before the BIA in 2004. Moreover, petitioners did challenge the evidence before this Court in the appeal and the subsequent petition for rehearing.

Finally, the BIA did not abuse its discretion in denying the motion to reopen on the basis that is was untimely and that petitioners had not proven that it should be accepted due to the ineffective assistance of counsel. The BIA reasonably concluded that the prior counsel who represented petitioners before this court were not responsible for providing petitioners with representation before the BIA. Further, the BIA properly exercised its discretion by finding that petitioners had not demonstrated changed circumstances in Indonesia since the first BIA decision.

Accordingly, the Petition for Review will be denied.

5